**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF KIRBY INLAND MARINE, LP, IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY** | §<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. _____**<br><br>**RULE 9(h) ADMIRALTY**<br><br>**NON-JURY** |

## <u>VERIFIED COMPLAINT AND PETITION FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY</u>

KIRBY INLAND MARINE, LP ("Petitioner"), as owner and operator of the M/V SHELL BEACH, files this, its Verified Complaint and Petition for Exoneration From and/or Limitation of Liability.  This Complaint is submitted pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and 46 U.S.C. § 30501 *et seq.*  In support of this Complaint, Petitioner would show the Court as follows:

1.  This case is within the admiralty and maritime jurisdiction of this Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

2.  Venue is proper within the United States District Court for the Southern District of Texas pursuant to Rule F of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure because Petitioner has been sued in this district, Petitioner has its principal place of business in this district, and the matters that form the basis of this Complaint occurred in this District.  FED. R. CIV. P. SUPP. ADMIRALTY R. F(9).

3.  At all material times, Petitioner was and is a limited partnership formed under the laws of the State of Delaware with its principal place of business in Texas.

4.  Petitioner is and was, at all material times, the beneficial owner and operator of the M/V SHELL BEACH.

5.  At all material times, the M/V SHELL BEACH, bearing Official Number 1243598, was a towing vessel of the United States with a gross tonnage of 98 GRT.   At all material times, the M/V SHELL BEACH was tight, staunch, strong, fully and properly equipped and supplied, in all respects, seaworthy, and fit for the service for which it was engaged.

6.  August Couch was a relief captain assigned to the M/V SHELL BEACH.

7.  Couch claims that in "May or June of 2020," while performing his duties in service of the M/V SHELL BEACH, he sustained injuries. Specifically, he claims to have been exposed to MRSA while on the M/V SHELL BEACH.

8.  Couch alleges that he has suffered a bone infection in his lumbar and thoracic spine that has rendered him bound to a wheelchair.

9.  Couch alleges that his alleged injuries were caused by Kirby's negligence and breach of duty to furnish as seaworthy vessel.

10. Prior to January 19, 2021, Petitioner had not received written notice of any claims arising out of the alleged MRSA exposure described above.

11. On January 12, 2021, August Couch filed suit against Petitioner in the 197th District Court of Harris County, Cause No. 2021-01107.  Petitioner received service of citation in this lawsuit on January 19, 2021.

12. Petitioner's Complaint is filed within six months of first receipt of written notice of a claim against it arising out of the alleged MRSA exposure described above.

- 2 -

13. All alleged resultant losses, injuries, and/or damages, if any, resulting from the aforementioned incident that occurred on or about May or June of 2020, were not caused or contributed to by any fault, neglect, lack of due diligence, negligence or want of due care on the part of Petitioner or of any person for whose acts it is responsible, nor was the M/V SHELL BEACH in any respect unseaworthy.  To the contrary, the incident that allegedly occurred on or about May or June of 2020, as well as any losses, injuries, and/or damages allegedly sustained by any person, firm, corporation, or legal entity arising out of the exposure were due to and/or caused by the fault, neglect, lack of due diligence, negligence, want of due care, acts and/or omissions of others for whom Petitioner is not responsible.

14. Petitioner denies that it or the M/V SHELL BEACH or any person or property for whom or which it may be responsible, are liable to any extent in the premises.

15. Petitioner claims exoneration from all liability for all losses, damages, injuries, and destruction incurred by reason of the matters aforesaid.  In the alternative, and in the event Petitioner or the M/V SHELL BEACH should be held responsible by reason of the collision described above, Petitioner claims the benefits of the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*, and all laws supplementary thereto and amendatory thereof, because all the losses, damages, injuries, and/or destruction resulting from the aforesaid casualty occurred without the privity or knowledge of Petitioner.

16. At the termination of the voyage underway on or about May or June of 2020, the value of Petitioner's interest in the M/V SHELL BEACH was $3,780,000, *See* **Exhibit 1** (Declaration of Paul Deister). Because Couch has not identified a voyage or a specific date of MRSA exposure, there is no identifiable tow or amount of freight pending for the M/V SHELL BEACH. Therefore, the amount of freight pending for the M/V SHELL BEACH was $0 Accordingly, the total amount of the limitation fund is $3,780,000.

17. Petitioner files contemporaneously herewith an Ad Interim Stipulation of Value and Security for the deposit into this Honorable Court of the aggregate amount of Petitioner's interest in the M/V SHELL BEACH, with interest at the rate of six percent (6%) per annum from the date of the deposit of the Security as may be ascertained and determined to be necessary under any orders of this Honorable Court.

18. Pursuant to 46 U.S.C. § 30501 *et seq.* and Rule F of the Supplemental Admiralty Rules, Petitioner is required to furnish security for costs. Accordingly, Petitioner files simultaneously herewith, a check in the amount of $500.00 in lieu of filing a cost bond to be deposited into the Registry of the Court.

19. Petitioner claims exoneration and exemption from liability for any and all claims for damages or losses occasioned or incurred, or alleged to have been occasioned or incurred, by reason of the aforementioned incident.

20. Petitioner further avers that it has valid defenses to the merits of any and all such claims.   Petitioner specifically claims the benefits of the Limitation of

- 4 -

Liability Act, as set forth in 46 U.S.C. § 30501 *et seq.* and all statutes amendatory thereof and supplementary thereto.

21. Pursuant to 46 U.S.C. § 30501 *et seq.*, Petitioner is entitled to have all claims and issues concerning the incident in question consolidated in a single proceeding before the United States District Court for the Southern District of Texas sitting in Admiralty.

WHEREFORE, Petitioner Kirby Inland Marine, LP respectfully prays that:

1.   That the Court enter an order approving the aforementioned Ad Interim Stipulation of Value deposited with the Court by Petitioner as security for the amount or value of Petitioner's interest in the M/V SHELL BEACH.

2.   That the Court issue a notice to all persons, firms, associations, or corporations asserting claims with respect to which Petitioner seeks exoneration from, or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Petitioner a copy thereof on or before the date to be named in the Notice and that if any claimant desires to contest either the right to exoneration from, or the right to limitation of liability that claimant shall file and serve on the attorneys for Limitation Plaintiffs an Answer to the Complaint on or before the said date;

3.    That the Court enjoin the prosecution of any and all actions, suits or proceedings which may be commenced, of any nature or description whatsoever in any jurisdiction against Petitioner or any other property of Petitioner or against Petitioner's employees or underwriters, except in this action, to recover for damages from or with respect to any bodily injury, death, damage to property or other loss or destruction resulting from the aforementioned incident, or done, occasioned, occurred, or arising out of said voyage or incident;

4.    That the Court adjudge that Petitioner is not liable to any extent for the bodily injury, death, or property damage, loss of use or other loss or destruction resulting from the aforementioned incident, or done, occasioned, occurred, or arising out of said voyage or incident;

5.    Alternatively, and only if Petitioner shall be adjudged liable, then it prays that such liability for any bodily injury, death, damage, loss of use to property or other loss or destruction and consequence of the said voyage or incident be limited to the amount or value of Petitioner's interest in the M/V SHELL BEACH, at the end of said voyage or incident, plus pending freight, and that Petitioner be discharged therefrom, upon surrender of

- 6 -

such interest and that the money surrendered, paid or secured to be paid, be divided pro rata according to the aforementioned statutes and among the claimants as they duly prove their claims in accordance with the provisions of the Order for which Petitioner has prayed herein, saving to all parties any priorities to which they may be legally entitled and that decree be entered discharging Petitioner from all further liability; and

6.      That Petitioner has such other relief as it may be entitled at law, in equity, or in admiralty.

Respectfully Submitted,

CLARK HILL PLC

By: ___/s/ John K. Spiller_____
John K. Spiller
S.D.T.X. No. 13993
jspiller@clarkhill.com
909 Fannin Street, Suite 2300
Houston, Texas 77010
T:  713.951-5600
F:  713.951-5660

**ATTORNEY-IN-CHARGE FOR KIRBY INLAND MARINE, LP**

OF COUNSEL:
CLARK HILL PLC
Bijan R. Siahatgar
S.D.T.X. 13796
bsiahatgar@clarkhill.com
909 Fannin Street, Suite 2300
Houston, Texas 77010
T:  713.951-5600
F:  713.951-5660

ClarkHill\A0612\419492\263367886.v1-7/15/21

**<u>VERIFICATION</u>**

STATE OF TEXAS            §
                         §      KNOW ALL MEN BY THESE PRESENTS
COUNTY OF HARRIS         §

      BEFORE ME, the undersigned authority, on this day did personally appear, John Spiller, known to me to be the person executing this affidavit and upon having been duly sworn upon his oath did depose and state as follows:

1. My name is John Spiller.  I am over 18 years of age, of sound mind, and have never been convicted of a felony or crime involving moral turpitude.  The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am the lead counsel for Kirby Inland Marine, LP in the action to be filed in the Southern District of Texas, Houston Division, styled *In the Matter of Kirby Inland Marine, LP, in a Cause of Exoneration From or Limitation of Liability.*

3. I have read the Complaint for Exoneration from or Limitation of Liability with which this Verification is filed, and certify that the facts contained therein are true and correct based upon my personal knowledge and/or best information and belief. The sources of my information and the grounds for my belief as to all matters stated herein are documents of and communications with said corporations and/or their employees.

      Further Affiant sayeth not.


      By: _____
         John Spiller


GIVEN UNDER my hand and official seal of office this _____ day of July, 2021.


      _____
      Notary Public in and for the State of Texas
      My Commission Expires:  _____